UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LATIE WHITLEY,

           Movant,

    - against -

UNITED STATES OF AMERICA,

           Defendant.
-----------------------------------X

16 Civ. 3548 (NRB)
04 Cr. 1381 (NRB)

**MEMORANDUM AND ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    This Memorandum and Order addresses the Government's letter dated August 17, 2018, Whitley's letter dated September 20, 2018, and the Government's letter dated October 2, 2018.

    Whitley has conceded that his motion pursuant to 28 U.S.C. § 2255 fails on the merits in light of the Second Circuit's recent decisions in United States v. Hill, 890 F.3d 51 (2d Cir.), reh'g denied (2d Cir. July 24, 2018), and United States v. Pereira-Gomez, 903 F.3d 155 (2d Cir. 2018). However, Whitley also notes that the time for seeking Supreme Court review of those decisions has not yet expired and that the Supreme Court has already granted certiorari in Stokeling v. United States, 138 S. Ct. 1438 (2018), which concerns an issue analogous to the issue decided in Pereira-Gomez. Accordingly, Whitley requests that this Court stay

-1-

consideration of the instant motion pending final resolution in Hill, Pereira-Gomez, and Stokeling. The Government has two objections to the scope of the requested stay.

First, the Government does not consent to a stay tethered to the Supreme Court's impending decision in Stokeling. The Government argues that the outcome in that case, which addresses Florida's robbery statute, is unlikely to undermine the validity of Pereira-Gomez, which addresses New York's robbery statute. We agree.

Second, the Government consents to a stay limited to final resolution in Hill and Pereira-Gomez only insofar as finality is marked by the Second Circuit's issuance of a mandate and not, as Whitely submits, by the expiration of the time for seeking certiorari or, as relevant, the Supreme Court's denial of certiorari or issuance of a judgment.[1] While we understand the Government's preference, we are not persuaded that it is a sufficiently compelling reason to deny Whitley's request in this regard. Accordingly, it is hereby

---

[1] We note that, as the Government implicitly acknowledges in its letter of October 2, 2018, the mandate in Hill has already issued, while the mandate in Pereira-Gomez has not as yet issued.

-2-

**ORDERED** that consideration of the instant motion is stayed pending the exhaustion of direct review of Hill and Pereira-Gomez in the Supreme Court, and it is further

**ORDERED** that counsel for the parties are directed to keep the Court apprised of the status of all efforts to review Hill and Pereira-Gomez.

Dated:  New York, New York
        October 15, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date
to the following:

    Latie Whitley
    Register No. 57287-054
    FCI Ray Brook
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 900
    RAY BROOK, NY  12977