UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
LATIE WHITLEY,

          Movant,

      - against -

UNITED STATES OF AMERICA,

          Defendant.
-------------------------------X

16 Civ. 3548 (NRB)
04 Cr. 1381 (NRB)

**MEMORANDUM AND ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is petitioner Latie Whitley's motion to amend his May 2016 petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Conceding that his original § 2255 claims are foreclosed by precedential authority, see ECF No. 70 at 1 n.1,[1] Whitley now seeks to add to his petition the claim that his conviction under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's decision in Rehaif v. United States, which held that in a prosecution for possession of a firearm by a restricted person in violation of 18 U.S.C. §§ 922(g) and 924(a), the Government must prove not only that the defendant knew he possessed the firearm, but also that the defendant knew that he belonged to the relevant category of individuals for whom such

---

[1] Unless otherwise noted, references herein to ECF document numbers are references to filings in criminal docket number 04 Cr. 1381.

1

possession is unlawful.  139 S. Ct. 2195-99 (June 21, 2019).[2]
Whitley argues that, in light of Rehaif, his indictment was
defective because it failed to explicitly allege as an element of
the § 922(g) offense that Whitley knew of his restricted status as
a convicted felon.  See ECF No. 70.

The principal argument advanced in Whitley's papers is that
his proposed Rehaif claim is jurisdictional in nature, and
therefore not subject to procedural default on collateral review,
because the Government's failure to allege an essential element of
the offense (i.e., knowledge of restricted status) amounted to a
failure to allege a federal crime.  See ECF No. 74.  That defect,
in turn, purportedly deprived this Court of jurisdiction over his
prosecution.  See generally United States v. Yousef, 750 F.3d 254,
259 (2d Cir. 2014) (describing the "inquiry into whether an
indictment charges a federal offense for the purposes of
establishing subject-matter jurisdiction . . . [as] whether 'the
indictment alleges all of the statutory elements of a federal

---

[2] 18 U.S.C. § 922(g) makes it unlawful for certain categories of
individuals, including those "who ha[ve] been convicted in any court of, a crime
punishable by imprisonment for a term exceeding one year," to possess firearms
or ammunition.  18 U.S.C. § 922(g)(1).  A separate provision, § 924(a)(2),
contains the relevant scienter requirement, providing that anyone who "knowingly
violates" certain subsections of § 922, including § 922(g), can be imprisoned
for up to 10 years.  18 U.S.C. § 924(a)(2).  The Supreme Court in Rehaif held
that the word "knowingly" in § 924(a)(2) "applies both to the defendant's
conduct and to the defendant's status," 139 S. Ct. at 2194, but "express[ed] no
view . . . about what precisely the Government must prove to establish a
defendant's knowledge of status," id. at 2200.

offense'") (quoting <u>Hayle v. United States</u>, 815 F.2d 879, 882 (2d Cir. 1987)).

Whitley's jurisdictional argument fails in light of the Second Circuit's ruling in <u>United States v. Balde</u>, 943 F.3d 73 (2d Cir. Nov. 13, 2019), decided shortly after Whitley filed the instant motion.  While the Court of Appeals acknowledged that it "is now clear after <u>Rehaif</u> [that knowledge of restricted status constitutes] an element of the [§ 922(g)] offense," <u>id.</u> at 88, it rejected the defendant's argument -- identical to the one Whitley advances here -- that "his indictment was defective in failing to allege explicitly that he knew [of his restricted status], and that th[e] purported defect deprived the district court of jurisdiction."  <u>Id.</u> at 80.  <u>See also</u> <u>id.</u> at 92 ("[W]e conclude that the indictment's failure to allege that [the defendant] knew [of his restricted status] was not a jurisdictional defect.").

The Second Circuit's <u>Balde</u> ruling having foreclosed Whitley's <u>Rehaif</u>-based challenge to the Court's subject matter jurisdiction, the Court need only address Whitley's alternative argument that, even if the purported defect is not jurisdictional, he is able to demonstrate cause and prejudice sufficient to overcome the procedural default of his <u>Rehaif</u> claim.  <u>See</u> <u>De Jesus v. United States</u>, 161 F.3d 99, 102 (2d Cir. 1998) ("[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the

claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom."). The Government's position is that Whitley is unable to make the requisite showing of cause and prejudice and thus that his motion to amend should be denied as futile. See ECF No. 71. The Court agrees in substantial part with the Government's analysis.

Even assuming, arguendo, that the unavailability of the Rehaif claim on direct appeal establishes cause for procedural default, any argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith, see Presentence Investigation Report ("PSR") ¶¶ 56, 59, 71, 76, Whitley nevertheless lacked the requisite awareness of his restricted status.

For these reasons and others, discussed infra, Whitley's motion to amend is denied. Furthermore, because Whitley concedes that the arguments raised in his original § 2255 petition are foreclosed by precedential authority, see ECF No. 70 at 1 n.1, this Memorandum and Order terminates the civil case pending at docket number 16 Civ. 3548.

I.    **Procedural Background**

In connection with Whitley's participation in a 2004 armed robbery of a delicatessen in the Bronx, Whitley was charged pursuant to a superseding indictment with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and 2 (Count One); one count of using, carrying, and possessing a firearm during and in relation to the Hobbs Act robbery charge, during which the firearm was discharged, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 (Count Two); and one count of possessing a firearm "after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year . . . and having had three previous convictions for violent felonies and serious drug offenses, all of which were committed on occasions different from one another," in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (i.e., an Armed Career Criminal Act ("ACCA") firearm possession violation) (Count 3).   See ECF No. 23 at 3-4.[3]

---

[3] With respect to Whitley's prior convictions, the superseding indictment references four—-namely:

> (i) a conviction on or about March 28, 2000, in New York State Supreme Court, Bronx County, of attempted criminal sale of a controlled substance in the third degree, a Class C felony; (ii) a conviction on or about July 19, 1990, in New York State Supreme Court, New York County, of attempted robbery in the first degree, a Class C felony; (iii) a conviction on or about June 18, 1987, in New York State Supreme Court, New York County, of robbery in the third degree, a Class D felony; and (iv) a conviction on or about May 13, 1986, in New York State Supreme Court, New York County, of attempted robbery in the second degree, a Class D felony[.]

Id. at 3.

On September 15, 2005, following a four-day trial before Judge Richard C. Casey, Whitley was found guilty of all charges.  See ECF No. 29 at 1.  Judge Casey sentenced Whitley on December 15, 2005 to concurrent terms of 262 months for the Hobbs Act robbery and ACCA firearm possession violation (Counts One and Three), plus a consecutive mandatory minimum term of 120 months for discharging a firearm (Count Two), totaling 382 months.  See ECF No. 31.

On appeal, the Second Circuit held that Whitley was exempt from the 120-month mandatory minimum sentence that had been imposed for his conviction on Count Two in light of its construction of the "except" clause of 18 U.S.C. § 924(c)(1)(A), which provides, in relevant part, that certain mandatory minimum sentences are to be imposed "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law."  18 U.S.C. § 924(c)(1)(A).  Specifically, the Second Circuit held that the consecutive minimum ten-year sentence that had been imposed pursuant to § 924(c)(1)(A)(iii) was inapplicable because Whitley was subject to "a greater minimum sentence" of fifteen years on the ACCA firearm count.  See United States v. Whitley, 529 F.3d 150, 158 (2d Cir. 2008) (remanding the case for resentencing).  Whitley was resentenced by the undersigned on June 3, 2009 to fifteen years' imprisonment on Count Three, and ten years' imprisonment on Count One, to run consecutively, for a total

term of 300 months.  See ECF No. 38.  That sentence was affirmed
on June 6, 2011.  See ECF No. 43.[4]

On May 12, 2016, Whitley filed his original petition pursuant
to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence
in light of the Supreme Court's ruling in Johnson v. United States,
which held that the so-called "residual clause" of the Armed Career
Criminal Act, 18 U.S.C. § 924(e)(2), violated due process.  135
S. Ct. 2551 (2015).  Whitley argued, first, that his felon-in-
possession conviction should be vacated because several of his
prior convictions no longer qualified as violent felonies, and,
second, that his § 924(c) conviction should be vacated because the
similarly-worded "residual clause" in the definition of a "crime
of violence" in the context of 18 U.S.C. § 924(c) also violated
due process.  Whitley's motion was stayed for several years in

---

[4] In United States v. Tejada, 631 F.3d 614 (2d Cir. 2011), decided after
Whitley's resentencing, the Second Circuit concluded that its decision in United
States v. Whitley, 529 F.3d 150 (2d Cir. 2008) had been abrogated by the Supreme
Court's ruling in Abbott v. United States, 562 U.S. 8 (2010).  The Court of
Appeals explained that, in Abbott, "the Supreme Court declined to construe the
§ 924(c)(1)(A) 'except' clause in the same way as [the Second Circuit had] in
Whitley."  Tejada, 631 F.3d at 618.  Rather, "the Supreme Court construed the
'any other provision of law' segment of the 'except' clause to apply only to
statutes that provide a greater mandatory minimum sentence for an offense that
embodies all the elements of a § 924(c) crime."  Id. at 619 (emphasis in
original).  Because its ruling in Whitley had not "interpreted the 'any other
provision of law' segment of the 'except' clause as limited to statutes that
impose a higher mandatory minimum for conduct proscribed by § 924(c). . . we
now conclude that th[at] decision[] [is] abrogated by Abbott."  Id.
        While the abrogation of the Second Circuit's ruling on Whitley's original
appeal has no direct bearing on the instant proceeding, it is not lost upon the
Court that Whitley's original sentence would not have been reduced in the first
instance were it not for an interpretation of § 924(c)(1)(A)'s "except" clause
that is no longer good law.

light of ongoing proceedings in the Supreme Court and the Second Circuit on the issues raised in his petition.

By letter dated September 20, 2018, Whitley conceded that his original claims had at that point been foreclosed by the Second Circuit's rulings in United States v. Hill, 890 F.3d 51 (2d Cir.), reh'g denied (2d Cir. July 24, 2018), and United States v. Pereira-Gomez, 903 F.3d 155 (2d Cir. 2018).  See ECF No. 63.  The Court nevertheless granted Whitley's request to continue to hold his case in abeyance pending the exhaustion of direct review of those cases in the Supreme Court.  See ECF No. 65 (acknowledging, inter alia, that the time for seeking Supreme Court review of Hill and Pereira-Gomez had not yet expired).

On August 14, 2019, Whitley filed a letter informing the Court that the petitions for certiorari in Hill and Pereira-Gomez had been denied, and requesting, with the Government's consent, that the Court permit briefing on "the appropriate resolution of Mr. Whitley's pending § 2255 motion."  See ECF No. 68.  The Court granted that request.  See ECF No. 69.

Far from seeking "resolution" of Whitley's then pending § 2255 petition, however, Whitley now seeks to amend that petition to include an entirely new claim -- namely, that in light of Rehaif, his indictment was defective because it "failed to allege that Mr. Whitley *knew* he had been convicted of a felony, and

therefore knew of his status as a person prohibited from possessing a firearm."   ECF No. 70 at 2 (emphasis in original).   As noted previously, Whitley maintains that even if that defect did not deprive this Court of jurisdiction, cause and prejudice excuse any procedural default as to his Rehaif-based claim.   See ECF No. 74 at 6.

For the reasons set forth below, the Court disagrees.

## II.   Legal Standard for Procedural Default

"[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted."   De Jesus, 161 F.3d at 102.

While the novelty or futility of a claim may in some circumstances constitute "cause," futility "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."   Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)).   "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all."   Gupta v. United States, 913 F.3d 81, 85 (2d Cir. 2019) (quoting United

States v. Thorn, 659 F.3d 227, 233 (2d Cir. 2011)).  Cf. Reed v.
Ross, 468 U.S. 1, 16 (1984) (holding that "cause" is satisfied
"where a constitutional claim is so novel that its legal basis is
not reasonably available to counsel").

With respect to prejudice, "[t]he habeas petitioner must show
'not merely that the errors . . . created a *possibility* of
prejudice, but that they worked to his *actual* and substantial
disadvantage, infecting his entire trial with error of
constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494,
(1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)
(emphasis in original)).

## III. **Discussion**

While Whitley's motion is styled as a Rule 15 motion to amend,[5]
see ECF No. 70 at 1, the Court addresses at the outset the threshold
issue of whether, in light of Whitley's concession that the
arguments raised in his original § 2255 petition fail on the
merits, see ECF No. 70 at 1 n.1 (acknowledging that Whitley's
"original claims are currently foreclosed by precedential

---

[5] Rule 15(a), which applies to motions to amend Section 2255 petitions,
instructs courts to "freely give leave [to amend] when justice so requires."
Fed. R. Civ. P. 15(a)(2).  See generally Ching v. United States, 298 F.3d 174,
180 (2d Cir. 2002) ("We have previously decided that the application of Fed. R.
Civ. P. 15 to habeas petitions and § 2255 motions would not frustrate the
[Antiterrorism and Effective Death Penalty Act's ("AEDPA's")] goals, even if
the motion to amend is brought late in the proceedings.").

authority"), Whitley's motion is properly construed as a "second or successive" motion under § 2255(h) such that his motion may only be brought in this Court with the requisite authorization from the Court of Appeals.  28 U.S.C. § 2255(h).  Cf. Fleury v. United States, No. 00 Cr. 076 (DLC), 2019 WL 6124486, at *3 n.4 (S.D.N.Y. Nov. 19, 2019) (noting that the petitioner's Rehaif-based claim, which was added to his original Johnson-based Section 2255 motion, "should . . . have been presented, if at all, to the Court of Appeals in a successive petition since it does not arise out of or relate to [the petitioner's] 2016 Petition").[6]

While "AEDPA does not define what constitutes a 'second or successive' § 2255 motion," Ching, 298 F.3d at 177, "it is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that 'counts' as the first.  A petition that has reached *final* decision counts for this purpose,'" id. (quoting Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) (emphasis in original)).

---

[6] While neither party raised this issue, it is well settled that "subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties."  Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019).  Accordingly, the Court has considered sua sponte whether it has jurisdiction to entertain Whitley's Rehaif-based claim.

There is, at a minimum, a non-frivolous argument to be made that Whitley's motion to amend his petition to include the Rehaif-based claim was filed after the conclusion of a proceeding that ought to "count" as the first.   Among other things, Whitley's newly proposed claim is entirely unrelated to the claims presented in his original petition.   Because Whitley concedes that he can no longer prevail on his original claims, see ECF No. 70 at 1 n.1, resolution of the instant motion arguably is not part of any ongoing adjudication of his original petition.   In sum, this case presents what the Second Circuit has described as "an apparent tension between the liberal amendment policy embodied in Fed. R. Civ. P. 15, which could theoretically allow a movant or petitioner to raise additional claims years after the filing of the original habeas petition or § 2255 motion, and the AEDPA's restrictions on bringing successive collateral attacks to criminal convictions." Ching, 298 F.3d at 179.

Notwithstanding the foregoing, case law in this Circuit instructs "that before a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice." Littlejohn, 271 F.3d at 363.   While Whitley's concession that his original claims are foreclosed by controlling law only serves to highlight his attempt to use Rule 15 to circumvent AEDPA's restrictions on successive petitions,

such concession does not constitute an "adjudication on the merits" of the kind that would necessarily deprive this Court of jurisdiction. Cf. Ching, 298 F.3d at 180 (While "a post-conviction motion [that] has the effect of circumventing [AEDPA's] prohibitions . . . may be treated as the functional equivalent of a 'second or successive' § 2255 motion," a district court's discretion to deny leave to amend "safeguards against the possibility that Rule 15's amendment procedures will be exploited by petitioners for the purpose of undermining [AEDPA's restrictions]").

### A.   Procedural Default

While it is undisputed with respect to Whitley's § 922(g) conviction that Whitley previously had "been convicted in any court punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), see PSR ¶¶ 56, 59, 71, it is also undisputed that his indictment failed to allege, and that the jury was not instructed to find, as Rehaif now requires, that Whitley knew that fact.  Further, there is no dispute that Whitley did not argue prior to trial or on direct appeal that his § 922(g) conviction was legally deficient either because the indictment did not allege or because the jury did not find that Whitley knew of his status as a convicted felon.  The issue before the Court is thus whether Whitley can establish cause for procedurally defaulting those

claims and actual prejudice therefrom such that leave to amend would not be futile. Cf. Masotto v. United States, 205 F.3d 1323 (2d Cir. 2000) ("It is well-established that a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice."). See also Gupta, 913 F.3d at 84 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'") (quoting Murray, 477 U.S. 485).

Because Whitley cannot make the requisite showing, his motion is denied.

### 1.   Cause

Whitley notes correctly that "[i]t was only after Rehaif was decided that it became clear that an essential element of section 922(g)(1) is a defendant's knowledge of his status as a prohibited person." ECF No. 70 at 5. It does not necessarily follow, however, that an indictment's failure to allege knowledge of status as an element of the offense was, as Whitley argues, a claim that previously "could not have been raised." ECF No. 70 at 5. As courts in this Circuit have noted, "[t]he issue decided in Rehaif [had been] percolating in the courts for years." United States v. Bryant, No. 11 Cr. 765 (RJD), 2020 WL 353424, at *3

(E.D.N.Y. Jan. 21, 2020).  <u>See also</u> <u>Waring v. United States</u>, No. 17 Cr. 50 (RMB), 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020).

In this Court's view, the issue of whether Whitley's proposed <u>Rehaif</u> claim can be said to have been "reasonably available" nevertheless remains a close one, given, <u>inter alia</u>, the apparent consensus prior to <u>Rehaif</u> that the knowledge requirement in § 924(a) did not apply to a defendant's knowledge of his restricted status.  <u>See</u> <u>Rehaif</u>, 139 S. Ct. at 2210 & n.6 (Alito, J., dissenting) (noting that "all the courts of appeals to address the question have held that it does not apply to the defendant's status," and collecting cases from ten other circuits).

Because Whitley is unable to demonstrate, in any event, that his failure to raise the <u>Rehaif</u> claim actually prejudiced him, the Court need not rule on the issue of cause in order to resolve the instant motion.

### 2.   **Prejudice**

Whitley's Presentence Report makes clear that, prior to being charged pursuant to the superseding indictment he now challenges, Whitley not only had been convicted of multiple state felonies punishable by over a year in prison, but also that he had actually spent far more than a year in prison serving sentences longer than a year for each of at least three of those convictions.  <u>See, e.g.</u>, PSR ¶ 56 (reflecting that Whitley was sentenced on June 18,

1987 to 2 to 4 years' imprisonment for robbery in the first degree
and that he was paroled from custody on August 23, 1989); PSR ¶ 59
(noting that Whitley was sentenced on July 19, 1990 to 4 to 8
years' imprisonment for attempted robbery in the first degree and
that he was paroled from custody on June 14, 1995); PSR ¶ 71
(documenting that Whitley was sentenced on March 28, 2000 to 4 to
8 years' imprisonment for attempted criminal sale of a controlled
substance in the third degree and that he was paroled from custody
on August 6, 2004).  See also PSR ¶ 52 (citing an additional felony
conviction for attempted robbery in the second degree).  Indeed,
as the PSR notes, "[t]he instant offense was committed less than
two years after the defendant's release from custody on August 6,
2004, for the sentence on March 28, 2000."  PSR ¶ 76.  These facts
alone are fatal to any suggestion that Whitley was actually unaware
of his restricted status and was thereby prejudiced by the failure
to raise his Rehaif claim sooner.  Cf. United States v. Miller,
2020 WL 1592254, at *3 (2d Cir. Apr. 2, 2020) (acknowledging that,
"given the rights to appointed counsel, effective assistance of
counsel, and due process, it is highly improbable that a person
could be convicted of a felony without being aware that his
possible sentence would exceed one year's imprisonment.").  In
short, the record in this case demonstrates beyond shadow of doubt
that the Government would have had no trouble proving that Whitley

16

was aware of his restricted status had the law so required at the time of his trial.

Whitley's briefing on the issue of prejudice is limited to conclusory recitations of the relevant legal standard.  See ECF No. 74 at 7 (arguing that his conviction was "unsupported by either allegation or proof of a key element of the offense, [that] the jury was affirmatively mis-instructed on that element[,] and that [t]hese errors 'worked to [Whitley's] actual and substantial disadvantage'") (quoting Frady, 456 U.S. at 170).  Notably, Whitley does not argue -- presumably because he could not credibly do so -- that he in fact lacked the requisite knowledge of his restricted status, and thus that, in light of Rehaif, he is "actually innocent" of being a felon in possession of a firearm.[7] This is significant insofar as it distinguishes Whitley's case from one in which a defendant could plausibly have been unaware of his restricted status and therefore potentially have been actually prejudiced by the failure to raise a Rehaif challenge.  The Supreme Court in Rehaif described such a case when it noted that "a person who was convicted of a prior [felony] but sentenced only to probation [might] not know that the crime is 'punishable by imprisonment for a term exceeding one year.'"  Rehaif, 139 S. Ct.

---

[7] As noted previously, a petitioner may raise a procedurally defaulted claim where he is able to demonstrate both cause and actual prejudice, or where he is actually innocent.  See Gupta, 913 F.3d at 84.

2197-98 (quoting 18 U.S.C. § 922(g)(1)) (emphasis in original). The Court does not doubt that there may be cases in which a Rehaif-related error could plausibly have impacted a defendant's conviction by a jury or decision to plead guilty.  Whitley's case, however, is simply not one of them.[8]

While Whitley's inability to demonstrate prejudice is fatal to the instant motion, the Court briefly addresses Whitley's final argument that, cause and prejudice notwithstanding, his conviction should be vacated for the reasons set forth in United States v. Sepulveda, 420 F. Supp. 3d 153 (S.D.N.Y. 2019).

**B.   United States v. Sepulveda**

Whitley argues at length that this Court should adopt the reasoning set forth in United States v. Sepulveda, where the court, citing "plain instructional error" in light of Rehaif, vacated a defendant's § 922 conviction.   420 F. Supp. 3d at 172.  See also id. at 171 ("[B]ecause there was clearly insufficient evidence in

---

[8] At issue in United States v. Balde, for example, was the defendant's knowledge of his qualifying status under § 922(g)(5) as "alien [who was] illegally or unlawfully in the United States."  18 U.S.C. § 922(g)(5)(A).  While the Second Circuit squarely rejected the defendant's argument that his Rehaif-based claim was jurisdictional in nature, see supra at 3, it recognized the possibility that Balde might in fact have believed that he was legally present in the United States and thus have been unaware of his restricted status, noting that "[t]hroughout the proceedings below, the nature of Balde's [immigration] status was hotly contested," and that "[r]esolving those questions required multiple hearings before the district court in which an able and experienced judge found the questions difficult to resolve."  943 F.3d 73, 97 (2d Cir. 2019).  It suffices to say that, in Whitley's case, none of the same complexities are in issue.

the actual trial record to establish the knowledge element of the § 922(g) offense[], vacatur is warranted."). However, even if the analysis in Sepulveda were binding on this Court, it would not alter the present ruling.

Whereas the defendant in Sepulveda sought relief in a post-trial motion filed prior to sentencing that was subject to review for plain error,[9] Whitley's motion is subject to the more demanding cause and prejudice analysis that, as the Court already has concluded, Whitley plainly is unable to satisfy. And while it is well-settled that an individual seeking collateral relief "must clear a significantly higher hurdle," Frady, 456 U.S. at 153, the distinction is of particular significance here given that the court in Sepulveda, citing "the rule that 'the actual trial record' controls on plain error review," limited itself solely to the facts presented at trial. 420 F. Supp. 3d at 171 (quoting United States v. Jean-Baptiste, 166 F.3d 102, 107 (2d Cir. 1999)). Accordingly, the court expressly declined to consider certain evidence that was

---

[9] "The plain error standard used in appellate review applies in the trial court to post-trial claims that could have been but were not raised during trial." United States v. Awad, 518 F. Supp. 2d 577, 582 (S.D.N.Y. 2007), aff'd, 369 F. App'x 242 (2d Cir. 2010). "To establish plain error, a defendant must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Degroate, 940 F.3d 167, 174 (2d Cir. 2019) (internal citations and quotation marks omitted).

not presented at trial, even though, as Whitley concedes in his briefing, "there was evidence in the PSR that Mr. Sepulveda must have known he had previously been convicted of a crime punishable by more than a year in prison."   ECF No. 74 at 6.   Because Whitley's request for collateral relief is not reviewed under the plain error standard, the Court is not similarly confined to the trial record.

*    *    *

In sum, Whitley is unable to show that any Rehaif-based errors created a reasonable possibility of prejudice, much less that such errors "worked to his *actual* and substantial disadvantage." Murray, 477 U.S. at 494 (emphasis in original).   Indeed, because Whitley comes nowhere close to making the showing necessary to lift the bar to consideration of his Rehaif claim on collateral review, leave to amend would be futile.

## IV.   Conclusion

In light of the foregoing, Whitley's motion to amend his § 2255 petition is denied.   Because Whitley concedes that the claims originally raised in that petition have been foreclosed by precedential authority, see ECF No. 70 at 1 n.1, this Memorandum and Order terminates the civil case pending at docket number 16 Civ. 3548.   Further, because Whitley has not "made a substantial

showing of the denial of a constitutional right," 28 U.S.C. §
2253(c)(2), a certificate of appealability will not issue.

The Clerk of Court is respectfully directed to close case
number 16 Civ. 3548.

**SO ORDERED.**

Dated:     New York, New York
           April 22, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE